1  Brian S. Kabateck (SBN 152054)
   bsk@kbklawyers.com
2  Shant Karnikian (SBN 285048)
   sk@kbklawyers.com
3  Jerusalem F. Beligan (SBN 211258)
   jfb@kbklawyers.com
4  **KABATECK LLP**
   633 W. Fifth Street, Suite 3200
5  Los Angeles, CA 90071
   Telephone: (213) 217-5000
6
   James L. Simon (*pro hac vice* forthcoming)   Michael L. Fradin (*pro hac vice*
7  james@bswages.com                              forthcoming)
   **THE LAW OFFICES OF SIMON &**                 mike@fradinlaw.com
8  **SIMON**                                      8401 Crawford Ave., Ste. 104
   5000 Rockside Road                             Skokie, IL 60076
9  Liberty Plaza – Suite 520                      Telephone: (847) 986-5889
   Independence, OH 44131
10 Telephone: (216) 525-8890

11 *Attorneys for Plaintiff and the Putative Classes*

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14                   **SAN JOSE DIVISION**

15 Sharon Oliveira, individually and on        ) Case No. _____
   behalf of herself and all others similarly  )
16 situated,                                    )
                                                ) **COLLECTIVE AND CLASS**
17                                              ) **ACTION COMPLAINT**
                Plaintiff,                      )
18                                              ) **CLASS ACTION**
           vs.                                  )
19                                              ) **DEMAND FOR JURY TRIAL**
20 Language Line Services, Inc., a Delaware     )
   corporation, and DOES 1 through 10,          )
21 inclusive,                                   )
                                                )
22              Defendants.                     )
                                                )
23                                              )
                                                )
24                                              )
                                                )
25                                              )
                                                )
26 _____    )

27

28

1   Plaintiff Sharon Oliveira ("Plaintiff"), individually and on behalf of all other

2   persons similarly situated, files this collective and class action complaint ("Complaint")

3   against defendant Language Line Services, Inc. (hereafter "LLS" or "Defendant") and

4   DOES 1 through 10 (collectively, "Defendants") and alleges as follows:

5   **PRELIMINARY STATEMENT**

6   1.      The Complaint is brought as a collective action and class action under the

7   Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA") and Fed. R. Civ. P. 23

8   ("Rule 23"), respectively. The claims in the Complaint are brought under the following

9   federal and state statutes: (1) the FLSA; (2) Ohio Minimum Fair Wage Standards Act

10  ("OMWFSA"), O.R.C. 4111.01, *et seq*.; (3) California Labor Code §§ 201-203, 510, 512,

11  1194, 1194.2, 2802, and applicable Industrial Welfare Commission Order ("Wage

12  Order"); and (4) California Business & Profession § 17200, *et seq*. (the "UCL"). The

13  claims are premised on LLS's failure to pay Plaintiff and other similarly-situated

14  employees (referred to herein as the "Collective Members" and "Class Members") all

15  earned minimum and overtime wages, failure to provide compliant meal-and-rest

16  periods, failure to reimburse reasonable and necessary business expenses, and failure

17  to pay all earned wages due upon separation.

18  2.      Plaintiff, the Collective Members and the Class Members are current and

19  former employees of LLS. Plaintiff brings this Complaint on behalf of herself and all

20  similarly-situated current and former Interpreters (also referred to as the "Covered

21  Positions") of LLS.[1]

22  3.      The Collective Members are all current and former Interpreters, or other

23  similarly titled employees, who were employed by LLS starting three years before this

24

25  [1] For purposes of the Complaint, the term "Interpreters" is exclusively a job title used
for the purpose of classifying the putative class of similarly situated individuals, is not
26  necessarily the job title of Plaintiff and the putative class, and has no bearing or
relation to any specialization, skill, education, training, or other qualification that
27  might otherwise be associated with such a job title.

28

- 2 -
**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

Complaint was filed, up to the present.

4.      The Ohio Class Members are all current and former Interpreters, or other similarly titled employees, who were employed by LLS within the state of Ohio starting three years before this Complaint was filed, up to the present.

5.      The California Class Members are all current and former Interpreters, or other similarly titled employees, who were employed by LLS within the state of California starting four years before this Complaint was filed, up to the present.

6.      Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working over 40 hours in a workweek. LLS failed to pay Plaintiff, the Collective Members and the Class Members one and one-half times their regular rate of pay for all time they spent working over 40 hours in a workweek. Plaintiff therefore brings this Complaint as a class action and collective action under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for LLS's violation of federal and Ohio law as detailed further below.

7.      Under the FLSA and OMWFSA "[r]est periods of short duration, running from 5 minutes to about 20 minutes. . . must be counted as hours worked." *See* 29 C.F.R. 785.18; *see also Mauia v. Petrochem Insulation,* Inc., 5 F.4th 1068, 1074 (9th Cir. 2021). LLS violated the FLSA and OMWFSA by routinely failing to pay Plaintiff, the Collective Members and the Class Members for rest breaks shorter than 20 minutes.

8.      The wage requirements of the FLSA and OMFWSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 531.35. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ **No.** _____

minimum or overtime wages required to be paid him under the Act." *Id*. LLS violated the FLSA and OMFWSA by requiring Plaintiff, the Collective Members and the Class Members to provide the internet service, internet equipment and replacement computer equipment necessary to complete their Interpreter job duties for LLS while failing to reimburse Plaintiff, the Collective Members and the Class Members for the costs of the same.

9.      Under California law and the applicable Wage Order, Defendants were required to pay Plaintiff and California Class Members an hourly wage for each and every hour worked. *See* Cal. Lab. Code §§ 200, 204, 1194, and 1198. During the California Class Period (as defined below), Plaintiff and California Class Members regularly and consistently worked before and after their shifts, including meal periods, for which they were not paid an hourly wage in violation of California Law.

10.      Under California law and the applicable Wage Order, "[a]ny work in excess of [8] hours in one workday and any work in excess of 40 hours in any one workweek and the first [8] hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." *See* Cal. Lab. Code § 510(a). Further, "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." *Id*. During the California Class Period, Plaintiff and California Class Members regularly and consistently worked more than 8 hours in a day and more than 40 hours in a week for which they were not paid one and one-half times or double their regular of pay.

11.      Under California law and the applicable Wage Order, Defendants were required to provide Plaintiff and California Class Members compliant meal periods. *See* Cal. Lab. Code §§ 226.6, 512; *see also* Wage Order 4 § 11. California law also

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1    requires Defendants to pay Plaintiff and California Class Members premium wages (at

2    their regular rate of pay) when Defendants failed to provide Plaintiff and California

3    Class Members compliant meal periods. Defendants violated California law by failing

4    to provide Plaintiff and California Class Members off-duty, uninterrupted 30-minute

5    meal breaks, free from employer control, for every 5 hours worked. Plaintiff and

6    California Class Members regularly and consistently worked over 5 and 10 hours a day

7    and were unable to take a first meal period or second meal period when they worked

8    more than 10 hours in a day. On other occasions, Plaintiff and California Class

9    Members' meal periods were cut short of 30 minutes, interrupted, or taken late. On

10   other occasions, Plaintiff and California Class Members worked through their meal

11   periods, but were neither paid an hourly wage for the time worked (as alleged above),

12   nor were they paid a premium wage.

13        12.    Under California law and the applicable Wage Order, Defendants were

14   required to provide Plaintiff and California Class Members compliant rest periods of at

15   least 10 minutes, free from employer control, for every 4 hours worked or major fraction

16   thereof. *See* Cal. Lab. Code § 226.7; *see also* Wage Order 4 § 12. Defendants violated

17   California by not providing Plaintiff and California Class Members with 10 minute rest

18   periods for every four hours worked or major fraction thereof. Plaintiff and California

19   Class Members' rest breaks were regularly and consistently interrupted, less than 10

20   minutes, and/or not duty free. Plaintiff and California Class Members were not paid a

21   premium wage (at their regular rate of pay) for these rest-period violations.

22        13.    Under California law, Defendants are required to adequately indemnify

23   Plaintiff and California Class Members for employment-related business expenses. *See*

24   Cal. Lab. Code § 2802. As alleged above, Plaintiff and California Class Members were

25   required to provide internet services, internet equipment and replacement computer

26   equipment necessary to complete their Interpreter job duties for LLS. Defendants

27   failed to reimburse Plaintiff and the California Class Members for these business

28

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1  expenses.

2      14.    Under California law, Defendants are required to pay Plaintiff and

3  California Class Members their final wages immediately upon termination, or within

4  72 hours of voluntarily leaving employment. *See* Cal. Lab. Code §§ 201-203. As alleged

5  above, Plaintiff and California Class Members worked hours for which they were not

6  properly paid and therefore not paid all wages due upon separation. Accordingly,

7  Plaintiff and California Class Members, who are former employees, are entitled to

8  waiting-time penalties. *Id*.

9      15.    Under California law, Defendants violations of the aforementioned

10 California Labor Codes constitutes a violation of the UCL.

11                          **JURISDICTION AND VENUE**

12     16.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29

13 U.S.C. § 201, *et seq.*, because this civil action arises under the laws of the United States.

14     17.    Venue is proper in this district under 28 U.S.C. § 1391(b)(ii) because acts

15 giving rise to the claims of Plaintiff, Collective Members and Class Members occurred

16 within this district.

17     18.    From approximately November 21, 2018 through approximately May 31,

18 2019, Plaintiff was a resident of San Luis Obispo County, California and performed

19 work for LLS within the state of California.

20     19.    LLS is headquartered at 1 Lower Ragsdale Drive, Building 2, Monterey,

21 California 93940.

22     20.    LLS regularly conducts business in and has engaged in the wrongful

23 conduct alleged herein—and thus is subject to personal jurisdiction—in this judicial

24 district.

25     21.    Plaintiff, the Collective Members, and the Class Members in their work

26 for LLS were employed by an enterprise engaged in commerce with annual gross sales

27 of at least $500,000.

28

                                    - 6 -
        **COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DIVISIONAL ASSIGNMENT**

22.     The San Jose Division is the appropriate division for this case, pursuant to Civil L.R. 3-2(c), because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in the county of Monterey and LLS is headquartered in the City of Monterey, California.

**PARTIES**

23.     At all times material to the matters alleged in this Complaint, Plaintiff is a former employee of LLS.

24.     Plaintiff was a full-time employee of LLS, who worked as an Interpreter within the state of California from approximately November 21, 2018 through approximately May 31, 2019, and who worked for LLS as an Interpreter within the state of Ohio from approximately June 1, 2019 through approximately November 30, 2020.

25.     The Collective Members are all current and former Interpreters who worked for LLS in the United States at any point in the three years preceding the filing of this Complaint to the present (the "FLSA Collective Period").

26.     The Ohio Class Members are all current and former Interpreters who worked for LLS in the state of Ohio at any point in the three years preceding the filing of this Complaint to the present (the "Ohio Class Period").

27.     The California Class Members are all current and former Interpreters who worked for LLS in the state of California at any point in the four years preceding the filing of this Complaint to the present (the "California Class Period").

28.     The Collective and Class Members are non-exempt employees under the FLSA, OMFWSA and California law and therefore entitled to minimum wage, overtime, compliant meal-and-rest periods, and reimbursement of reasonable and necessary business expenses.

29.     At all material times, LLS does business as Language Line Solutions.

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1    30.    At all material times, Language Line Services, Inc. is a Delaware

2    corporation duly licensed to transact business in the states of Ohio and California, and

3    is headquartered in Monterey, California.

4    31.    Under the FLSA, OMFWSA and California law, LLS is an employer. At

5    all relevant times, LLS had the authority to hire and fire employees, supervised and

6    controlled the work schedules or the conditions of employment, determined the rate

7    and method of payment, and maintained employment records in connection with

8    Plaintiff's employment with LLS. As a person who acted in the interest of LLS in

9    relation to the company's employees, it is subject to liability under the FLSA, OMFWSA

10   and California law.

11   32.    At all material times, Plaintiff, the Collective Members and Class

12   Members were employees of LLS as defined by the FLSA, 29 U.S.C. § 203(e)(1),

13   OMFWSA and California law.

14   33.    At all material times, Plaintiff, the Collective Members and Class

15   Members were non-exempt employees under 29 U.S.C. § 213(a)(1), OMFWSA and

16   California law.

17   34.    Plaintiff has given her written consent to be a named party in this action

18   under 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this

19   Complaint as "**Exhibit A**."

20   35.    The true names and capacities, whether individual, corporate, associate,

21   representative, alter ego or otherwise, of defendants named in this action as DOES 1

22   through 10 inclusive are presently unknown to Plaintiff, who therefore sues such

23   defendants by such fictitious names. Plaintiff will seek to amend this Complaint to

24   allege the true names and capacities of DOES 1 through 10 when the same have been

25   ascertained. Plaintiff is informed and believes, and based thereon alleges, that DOES

26   1 through 10 were and/or are, in some manner or way, responsible for and liable to

27   Plaintiff and the Collective and Class Members for the events, happenings, and

28

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1 damages set forth below.

2    36.    Plaintiff is informed and believes, and based thereon alleges, that at all

3 relevant times mentioned herein, Defendants acted as agents, employees, supervisors,

4 partners, conspirators, servants and/or joint venturers of each other, and in doing the

5 acts hereafter alleged, were acting within the course, scope, and authority of such

6 agency, employment, partnership, conspiracy, enterprise and/or joint venture, and with

7 the express and/or implied permission, knowledge, consent, authorization and

8 ratification of their co-defendants

9                              **FACTUAL ALLEGATIONS**

10    37.    LLS provides remote translation and interpretation services to its clients

11 worldwide.[2]

12    38.    The Collective Members are all current and former Interpreters who

13 worked for LLS nationwide during the FLSA Collective Period. The Collective Members

14 are non-exempt from the FLSA's overtime requirements.

15    39.    The Ohio Class Members are all current and former Interpreters who

16 worked for LLS in Ohio during the Ohio Class Period. The Ohio Class Members are

17 non-exempt from the OMFWSA's overtime requirements.

18    40.    The California Class Members are all current and former Interpreters

19 who worked for LLS in California during the California Class Period. The California

20 Class members are non-exempt employees and therefore entitled to an hourly wage for

21 each and every hour worked, overtime, compliant meal-and-rest periods, and

22 reimbursement for all reasonable and necessary business expenses incurred.

23    41.    Plaintiff worked for LLS as an Interpreter, providing two-way language

24 interpretation for its clients. At all relative times, Plaintiff worked remotely from her

25 residence in San Luis Obispo County, California and then from her residence in

26

27 [2] *See* https://www.languageline.com/s/WhoWeAre  (last visited Jan. 25, 2022).

28
**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1   Franklin County, Ohio. The Collective and Class Members similarly work remotely
2   using LLS's propriety technology, hardware, and software.

3       42.   At all relevant times, Plaintiff was compensated on an hourly basis at a
4   rate of approximately $16.50.

5       43.   At all relevant times, Plaintiff worked 50 hours or more per week.

6       44.   During every workweek, Plaintiff, the Collective Members and Class
7   Members were paid on an hourly basis.

8       45.   Plaintiff, the Collective Members, and the Class Members performed their
9   duties, work and provided their interpretation services for LLS remotely. As part of
10  this design, LLS issues Plaintiff, the Collective Members and the Class Members
11  computer, audio and video equipment for use in Plaintiff's, the Collective Members' and
12  the Class Members' homes. This LLS equipment contains LLS's proprietary software
13  programs which Plaintiff, the Collective Members and the Class Members must log on
14  to perform their job functions for LLS.

15      46.   At all relative times, Plaintiff, the Collective Members, and the Class
16  Members have been subject to LLS's policy of requiring Plaintiff, the Collective
17  Members and the Class Members to spend time working before clocking in at the
18  beginning of their shifts and after clocking out at the end of their shifts.

19      47.   Specifically, Plaintiff, the Collective Members, and the Class Members
20  must set up the required equipment and perform quality checks before "clocking in."
21  In addition, Plaintiff, the Collective Members and the Class Members are required to
22  spend time booting up and logging into their computers before clocking in for their
23  shifts. As a result, Plaintiff, the Collective Members and the Class Members were being
24  required to perform pre-shift work for which they were not being compensated.
25  Moreover, Plaintiff, the Collective Members and the Class Members are required to
26  clock out at the end of their shift before logging off, shutting down their computers and
27  cleaning equipment issued by LLS. As a result, Plaintiff, the Collective Members and

28

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

the Class Members were being required to perform post-shift work for which they were not being compensated.

48.    As a result of the pre- and post-shift work, Plaintiff, the Collective Members and the Class Members typically spend at least 15 minutes or more each shift that goes completely uncompensated, whether at a regular rate of pay or an overtime rate of pay. In all instances, LLS's failure to compensate Plaintiff, the Collective Members and the Class Members for such time violates the minimum wage provisions of the FLSA, OMFWSA and California law. In all instances wherein Plaintiff, the Collective Members and the Class Members work over 40 hours in a workweek, LLS's failure to compensate Plaintiff, the Collective Members and the Class Members for such time violates the overtime provisions of the FLSA, OMFWSA and California law. In all instances wherein Plaintiff and California Class Members worked more than 8 hours in, but not over 40 hours in a workweek, LLS's failure to compensate Plaintiff and the California Class Members for such time violates the overtime provisions of California law.

49.    Plaintiff, the Collective Members and the Class Members are only "clocked-in" and compensated when they are logged into LLS's proprietary software system. Anytime that Plaintiff, the Collective Members and the Class Members need to take a rest or meal break, they must log out of LLS's proprietary software system. As a result, Plaintiff, the Collective members and the Class Members are not paid for rest breaks of 20 minutes or less.

50.    LLS's failure to pay Plaintiff, the Collective Members and the Class Members for rest breaks of 20 minutes or less violates the minimum wage provisions of the FLSA, OMFWSA and California law in all instances. In all instances wherein Plaintiff, the Collective Members and the Class Members worked over 40 hours in a workweek, LLS's failure to compensate Plaintiff, the Collective Members and the Class Members for any break of 20 minutes or less violates the overtime provisions of the

FLSA, OMFWSA and California law. In all instances wherein Plaintiff and California Class Members worked more than 8 hours in, but not over 40 hours in a workweek, LLS's failure to compensate Plaintiff and the California Class Members for any break of 20 minutes or less violates the overtime provisions of California law.

51. LLS employed Plaintiff and California Class Members for work periods of more than 5 and 10 hours a day, entitling them to first and second meal periods of at least 30 minutes each. LLS, however, failed to provide Plaintiff and California Class Members duty-free meal periods of at least 30 minutes for every five hours worked. As a result, Plaintiff and California Class Members missed their meal periods, worked through the meal periods, the meal periods were interrupted, or were taken late. By failing to provide Plaintiff and California Class Members with 30-minute, off duty, compliant meal breaks for every five hours worked, LLS owes Plaintiff and California Class Members premium wages (at their regular rate of pay) for these meal period violations.

52. LLS employed Plaintiff and California Class Members for work periods of four hours or more without rest periods of at least 10 minutes of rest time for every four hours worked, or major fraction thereof. In addition, the rest breaks were regularly interrupted, less than 10 minutes, and/or on duty. By failing to provide Plaintiff and California Class Members with 10-minute, off duty, compliant rest breaks for every four hours worked or major fraction thereof, LLS owes Plaintiff and California Class Members premium wages (at their regular rate of pay) for these rest period violations.

53. LLS requires Plaintiff, the Collective Members and the Class Members to supply their own highspeed internet, routers, modems and replacement computer equipment which are necessary for the Plaintiff, the Collective Members and the Class Members to perform their job duties for LLS. However, LLS fails to reimburse Plaintiff, the Collective Members and the Class Members for these business expenses required by LLS. As a result, LLS has violated the FLSA, OMFWSA, and California law.

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

54. LLS failed to pay Plaintiff and California Class Members all wages due to them immediately upon termination, or within 72 hours of voluntarily leaving employment.

55. As alleged herein, LLS's violations of the FLSA, OMFWSA and California's labor laws constitute an unfair, fraudulent or unlawful business practice under the UCL.

**COLLECTIVE ACTION ALLEGATIONS**

56. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

57. Plaintiff brings this action under 29 U.S.C. § 216(b) on her own behalf, and as a representative on behalf of individuals similarly situated, who are current or former Interpreters employed by LLS.

58. LLS subjected all its Interpreters, including Plaintiff and the Collective Members, to its policy and practice of not paying them minimum wage or overtime for all time spent setting up equipment; booting up computers and launching LLS software; logging out of LLS software; shutting down computers; taking down audio and video equipment; and cleaning and maintaining equipment in violation of 29 U.S.C. §§ 206 and 207.

59. LLS subjected all its Interpreters, including Plaintiff and the Collective Members, to its policy of failing to pay Plaintiff and the Collective Members for all breaks of 20 minutes or less in violation of 29 U.S.C §§ 206 and 207.

60. LLS subjected all its Interpreters, including Plaintiff and the Collective Members, to its policy of requiring Plaintiff and the Collective Members to provide highspeed internet service, equipment and replacement computer equipment without reimbursing Plaintiff and the Collective Members for same.

61. Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective

1    action because in all pertinent aspects the employment relationship of individuals

2    similarly situated to Plaintiff is identical or substantially similar.

3          62.    The Collective Members perform or have performed the same or similar

4    work as Plaintiff.

5          63.    LLS's failure to pay minimum wage and overtime compensation required

6    by the FLSA results from generally applicable policies or practices, and does not depend

7    on the personal circumstances of Plaintiff or the Collective Members.

8          64.    Although the exact amount of damages may vary among the Collective

9    Members, the damages for the Collective Members can be easily calculated by a simple

10   formula. The claims of all Collective Members arise from a common nucleus of facts.

11   Liability is based on a systematic course of wrongful conduct by LLS that caused harm

12   to the Collective Members.

13         65.    As such, Plaintiff brings her FLSA minimum wage and overtime claims

14   as a collective action on behalf of the following FLSA class:

15              **All of LLS's current and former Interpreters and**
16              **those with similar job duties, but different titles, who**
                **worked for LLS during the FLSA Collective Period.**

17         66.    LLS's unlawful conduct, as described herein, is pursuant to LLS's

18   corporate policy or practice of minimizing labor costs by refusing and/or failing to

19   properly compensate its employees according to the FLSA.

20         67.    LLS is aware or should have known federal law prohibited it from not

21   paying Plaintiff and the Collective Members all minimum wage and overtime as

22   detailed herein.

23         68.    LLS's unlawful conduct has been widespread, repeated, and consistent.

24         69.    This action is properly brought and maintained as an opt-in collective

25   action under 29 U.S.C. § 216(b).

26         70.    Upon information and belief, the individuals similarly situated to Plaintiff

27

28
                                    - 14 -
     **COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

includes hundreds, and possibly thousands, of Interpreters currently and/or formerly employed by LLS. Plaintiff cannot state the precise number of similarly-situated employees because that information is solely in LLS's possession, custody, or control, but it can be readily ascertained from its employment records.

71.    Notice can be provided to the Collective Members by First Class Mail to the last address known to LLS, via email at the last known email address known to LLS, and by text message to the last known telephone number known to LLS.

## RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

72.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73.    **Ohio Rule 23 Class.** Plaintiff brings Claims for Relief for violation of Ohio wage-and-hour laws as a class action under Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following Ohio Rule 23 Class:

> **All of LLS's current and former Interpreters and those with similar job duties, but different titles, who worked for LLS within Ohio during the Ohio Class Period.**

74.    **California Rule 23 Class.** Plaintiff brings Claims for Relief in violation of California wage-and-hour laws as a class action under Rule 23(a), (b)(2) and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following California Rule 23 Class:

> **All of LLS's current and former Interpreters and those with similar job duties, but different titles, who worked for LLS within California during the California Class Period.**

75.    In the alternative, and for the convenience of this Court and the parties, Plaintiff may seek to certify subclasses at the time the motion for class certification is filed.

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

76.   **Numerosity (Rule 23(a)(1)).** The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that LLS employed greater than 100 people who satisfy the definition of the Class Members.

77.   **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).** Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

      a.  whether LLS unlawfully failed to pay the Ohio Class Members all minimum and overtime wages in violation of the OMFWSA;

      b.  whether LLS violated California law by failing to pay California Class Members at the least the minimum wage for all hours worked;

      c.  whether LLS violated California law by failing to pay California Class Members overtime compensation for all overtime hours worked;

      d.  whether LLS violated California law by failing to provide California Class Members first and second meal periods of at least 30-minutes when the shifts exceeded 5 and 10 hours of work, and not compensating employees with one hour of pay at the employees' regular rate of compensation for each workday that meal periods were not provided;

      e.  whether LLS violated California law by failing to provide California Class Members daily rest periods of 10 minutes per 4 hours or major fraction thereof worked when the shift exceeded three-and-a half hours and by failing to compensate employees one hour's wages in lieu of rest periods;

      f.  whether LLS violated California law by failing to reimburse California Class Members all reasonable and necessary business expenses incurred;

      g.  whether LLS violated California law by failing to timely pay California

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

Class Members all earned wages and final paychecks due at the time of separation of employment;

h. whether LLS's practices constitute an unfair, fraudulent, or unlawful business practice under the UCL;

i. whether LLS unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

j. The damages sustained and the proper measure of restitution recoverable by the Class Members.

78. **Typicality (Rule 23(a)(3)).** Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, was subjected to LLS's illegal scheme to maximize profits by depriving its employees of minimum wage and overtime compensation, compliant meal-and-rest periods, and shifting the cost of business expenses from itself to the Class Members.

79. **Adequacy (Rule 23(a)(4)).** Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

80. **Injunctive and Declaratory Relief (Rule 23(b)(2)).** Class certification of the Rule 23 claims is appropriate under Rule 23(b)(2) because LLS acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

81. **Predominance and Superiority of Class Action (Rule 23(b)(3)).** Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. LLS's

- 17 -

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1   common and uniform policies and practices illegally deprived Plaintiff and all similarly

2   situated employees of wages; thus, making the question of liability and damages much

3   more manageable and efficient to resolve in a class action, compared to hundreds of

4   individual trials. The damages suffered by individual Class Members are small

5   compared to the expense and burden of individual prosecution. In addition, class

6   certification is superior because it will obviate the need for unduly duplicative litigation

7   that might result in inconsistent judgments about LLS's practices.

8        82.    Plaintiff intends to send notice to all Class Members to the extent required

9   by Rule 23.

10              **COUNT ONE: FAIR LABOR STANDARDS ACT**

11                       **OFF-THE-CLOCK WORK**

12       83.    Plaintiff and the Collective Members reallege and incorporate by

13   reference all allegations in all preceding paragraphs.

14       84.    LLS has a consistent, enterprise-wide policy of requiring Plaintiff and the

15   Collective Members to perform work while off the clock and failing and/or refusing to

16   compensate Plaintiff and the Collective Members their regular rate of pay for all non-

17   overtime hours worked, and one and one-half times their regular hourly rate for all the

18   time they worked over 40 hours in a workweek.

19       85.    Plaintiff and the Collective Members perform their duties and provide

20   their interpretation services for LLS remotely. As part of this design, LLS issues

21   Plaintiff and the Collective Members computer, audio and video equipment for use in

22   Plaintiff's and the Collective Members' homes. This LLS equipment contains its

23   proprietary software programs which Plaintiff and the Collective Members must log on

24   to perform their job duties.

25       86.    At all relative times, Plaintiff and the Collective Members have been

26   subject to LLS's policy of requiring Plaintiff and the Collective Members to spend time

27   working before clocking in at the beginning of their shifts and after clocking out at the

28

- 18 -

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

end of their shifts.

87.     Specifically, Plaintiff and the Collective Members must set up the required equipment and perform quality checks before being "clocked in" and therefore perform uncompensated work. Moreover, Plaintiff and the Collective Members are required to spend time booting up and logging into their computers before clocking in for their shift and required to clock out at the end of their shift before logging off, shutting down their computers and cleaning and maintaining the equipment issued by LLS.

88.     As a result, Plaintiff and the Collective Members typically spend at least 15 minutes or more each shift that goes completely uncompensated. In all instances, LLS's failure to compensate Plaintiff and the Collective Members for such time violates the minimum wage provisions of the FLSA, 29 U.S.C. § 206. In all instances wherein Plaintiff and the Collective Members work over 40 hours in a workweek, LLS's failure to compensate Plaintiff and the Collective Members for such time violates the overtime provisions of the FLSA, 29 U.S.C. § 207.

89.     LLS locked Plaintiff out of its electronic time and pay recordkeeping system following the conclusion of her employment with LLS. As such, Plaintiff does not have access to her time and pay records. Plaintiff has requested that LLS provide her with her time and pay records, but LLS has failed or refused to do so.

90.     Nonetheless, upon information and belief, to the best of Plaintiff's recollection, and strictly for the purposes of providing an example, during the workweek beginning November 2, 2020 and ending November 8, 2020, LLS recorded and paid Plaintiff for more than 40 hours worked. During that pay period, Plaintiff worked no less than 75 minutes that was not recorded or compensated by LLS whatsoever.

91.     As a result, LLS did not pay Plaintiff minimum wage as required by the FLSA for no less than 75 minutes that were worked between November 2, 2020 and

- 19 -

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

November 8, 2020.

92.     Because Plaintiff worked in excess of 40 hours in the workweek spanning from November 2, 2020 through November 8, 2020, LLS likewise failed to pay Plaintiff for no less than 75 minutes of overtime at one-and-one-half times her regular rate of pay as required by the overtime provisions of the FLSA.

93.     Although at this stage, Plaintiff and the Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiff and the Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

94.     LLS knew, or acted with reckless disregard, that its refusal or failure to properly compensate Plaintiff and the Collective Members during their employment would violate the FLSA, and LLS knew the FLSA's minimum wage and overtime requirements. As such, LLS's conduct constitutes a willful violation of the FLSA.

95.     As a result of LLS's failure or refusal to pay Plaintiff and the Collective Members for all hours worked, and LLS's failure or refusal to pay Plaintiff and the Collective Members one and one-half times their regular rate of pay for all hours worked over 40 hours in any workweek, LLS violated 29 U.S.C. §§ 206 and 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of all unpaid minimum wages and one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: OHIO MINIMUM FAIR WAGE STANDARDS ACT

### OFF-THE-CLOCK WORK

**(Brought by Plaintiff on Behalf of Herself and Members of the Ohio Rule 23 Class Against all Defendants)**

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

96.    Plaintiff and the Ohio Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

97.    "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F.Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002).

98.    LLS has a consistent, enterprise-wide policy of requiring Plaintiff and the Class Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff and the Class Members their regular rate of pay for all non-overtime hours worked, and one-half times their regular hourly rate for all the time they worked over 40 hours in a workweek.

99.    Plaintiff and the Class Members perform their duties and provide their interpretation services for LLS remotely. As part of this design, LLS issues Plaintiff and the Class Members computer, audio and video equipment for use in Plaintiff's and the Class Members' homes. This LLS equipment contains its proprietary software programs which Plaintiff and the Class Members must log on to perform their job duties.

100.   At all relative times, Plaintiff and the Class Members have been subject to LLS's policy of requiring Plaintiff and the Class Members to spend time working before clocking in at the beginning of their shifts and after clocking out at the end of their shifts.

101.   Specifically, Plaintiff and the Class Members must set up the required equipment and perform quality checks before being "logged in" and therefore perform work that is uncompensated. Moreover, Plaintiff and the Class Members are required to spend time booting up and logging into their computers before clocking in for their shift and required to clock out at the end of their shift before logging off, shutting down

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1    their computers and cleaning and maintaining the equipment issued by LLS.

2        102.    As a result, Plaintiff and the Class Members typically spend at least 15

3    minutes or more each shift that goes completely uncompensated. In all instances, LLS's

4    failure to compensate Plaintiff and the Class Members for such time violates the

5    minimum wage provisions of O.R.C. § 4111, *et seq*. In all instances wherein Plaintiff

6    and the Class Members work over 40 hours in a workweek, LLS's failure to compensate

7    Plaintiff and the Class Members for such time violates the overtime provisions of

8    O.R.C. § 4111, *et seq*.

9        103.    LLS locked Plaintiff out of its electronic time and pay recordkeeping

10   system following the conclusion of her employment with LLS. As such, Plaintiff does

11   not have access to her time and pay records. Plaintiff has requested that LLS provide

12   her with her time and pay records, but LLS has failed or refused to do so.

13       104.    Nonetheless, upon information and belief, to the best of Plaintiff's

14   recollection, and strictly for the purposes of providing an example, during the

15   workweek beginning November 2, 2020 and ending November 8, 2020, LLS recorded

16   and paid Plaintiff for more than 40 hours worked. During that pay period, Plaintiff

17   worked no less than 75 minutes that was not recorded or compensated by LLS

18   whatsoever.

19       105.    As a result, LLS did not pay Plaintiff minimum wage as required by the

20   OMFWSA for no less than 75 minutes that were worked between November 2, 2020

21   and November 8, 2020.

22       106.    Because Plaintiff worked in excess of 40 hours in the workweek spanning

23   from November 2, 2020 through November 8, 2020, LLS likewise failed to pay Plaintiff

24   for no less than 75 minutes of overtime at one-and-one-half times her regular rate of

25   pay as required by the overtime provisions of the OMFWSA.

26       107.    Although at this stage, Plaintiff and the Class Members cannot state the

27   exact amount owed for all time worked during their employment, Plaintiff and the

28

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

Class Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

108.   LLS knew, or acted with reckless disregard, that its refusal or failure to properly compensate Plaintiff and the Class Members for all hours worked would violate Ohio law, and LLS knew Ohio's minimum wage and overtime requirements during Plaintiff's and the Class Members' employment. As such, LLS's conduct constitutes a willful violation of the OMFWSA.

109.   As a result of LLS's failure or refusal to pay Plaintiff and the Class Members all minimum wages and overtime due under Ohio law, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

## COUNT THREE: FAIR LABOR STANDARDS ACTS

### UNLAWFUL UNPAID BREAKS

110.   Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

111.   Under the FLSA, "[r]est periods of short duration, running from 5 minutes to about 20 minutes. . . must be counted as hours worked." *See* 29 C.F.R. 785.18; *see also Mauia v. Petrochem Insulation,* Inc., 5 F.4th 1068, 1074 (9th Cir. 2021). LLS violated the FLSA by routinely failing to pay Plaintiff and the Collective Members for rest breaks shorter than 20 minutes.

112.   Plaintiff, the Collective Members, and the Class Members are only "clocked-in" and compensated when they are logged into LLS's proprietary software system. Anytime that Plaintiff, the Collective Members and the Class Members need to take a rest or meal break, they must log out of LLS's proprietary software system. As a result, Plaintiff, the Collective members and the Class Members are not paid for

1   rest breaks of 20 minutes or less.

2       113.    LLS's failure to pay Plaintiff and the Collective Members for breaks of 20

3   minutes or less violates the minimum wage provisions of the FLSA in all instances. In

4   all instances wherein Plaintiff and the Collective Members worked over 40 hours in a

5   workweek, LLS's failure to compensate Plaintiff and the Collective Members for missed

6   breaks and/or any unscheduled break of 20 minutes or less violates the overtime

7   provisions of the FLSA.

8       114.    Although Plaintiff does not have access to her time punch records,

9   Plaintiff has knowledge and belief that during the workweek beginning November 2,

10  2020 and ending November 20, 2020, Plaintiff took approximately 10 rest breaks of 20

11  minutes or less for which she was not paid. As result of LLS's failure to pay Plaintiff

12  for these approximately 10 rest breaks during this pay period, LLS violated both the

13  minimum wage and overtime wage requirements of the FLSA.

14      115.    LLS is in possession of all of the time punch records which Plaintiff does

15  not have access to at this time. Upon information and belief, these records will evidence

16  all of the breaks for which Plaintiff and the Collective Members were paid, and all of

17  the breaks for which Plaintiff and the Collective Members were not paid. Upon

18  information and belief, these time punch records should be readily available in

19  discovery.

20      116.    Although at this stage, Plaintiff and the Collective Members cannot state

21  the exact amount owed for all time worked during their employment, Plaintiff and the

22  Collective Members believe that such information will become available during

23  discovery. Furthermore, when an employer fails to keep complete and accurate time

24  records, employees may establish the hours worked by their testimony, and the burden

25  of overcoming such testimony shifts to the employer.

26      117.    LLS knew, or acted with reckless disregard, that its refusal or failure to

27  properly compensate Plaintiff and the Collective Members during their employment

28

- 24 -
**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1    would violate the FLSA, and LLS knew the FLSA's minimum wage and overtime

2    requirements. As such, LLS's conduct constitutes a willful violation of the FLSA.

3    118.   As a result of LLS's failure or refusal to pay Plaintiff and the Collective

4    Members their regular rate of pay for all hours worked and one and one-half times

5    their regular rate of pay for all hours worked over 40 hours in any workweek, LLS

6    violated 29 U.S.C. §§ 206 and 207. Plaintiff and the Collective Members are therefore

7    entitled to compensation for unpaid wages at their regular rate of pay for non-overtime

8    hours worked and one and one-half times their regular rate of pay for unpaid overtime

9    hours, to be proven at trial, plus an equal amount as liquidated damages, together with

10   interest, reasonable attorney's fees, and costs.

11   **COUNT FOUR: OHIO MINIMUM FAIR WAGE STANDARDS ACT**

12   **UNLAWFUL UNPAID BREAKS**

13   **(Brought by Plaintiff on Behalf of Herself and Members of the Ohio Rule 23**

14   **Class Against all Defendants)**

15   119.   Plaintiff and the Class Members reallege and incorporate by reference all

16   allegations in all preceding paragraphs.

17   120.   "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to

18   [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at

19   *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428

20   F.Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D.

21   591, 596 (S.D. Ohio 2002)). Under the OMFWSA, rest periods of short duration,

22   running from 5 minutes to about 20 minutes, must be counted as hours worked. LLS

23   violated the OMWFSA by routinely failing to pay Plaintiff and the Class Members for

24   rest breaks shorter than 20 minutes.

25   121.   Plaintiff, the Collective Members, and the Class Members are only

26   "clocked-in" and compensated when they are logged into LLS's proprietary software

27   system. Anytime that Plaintiff, the Collective Members and the Class Members need

28
**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

to take a rest or meal break, they must log out of LLS's proprietary software system. As a result, Plaintiff, the Collective Members and the Class Members are not paid for rest breaks of 20 minutes or less.

122. LLS's failure to pay Plaintiff and the Class Members for any breaks of 20 minutes or less violates the minimum wage provisions of the OMFWSA in all instances. In all instances wherein Plaintiff and the Class Members worked over 40 hours in a workweek, LLS's failure to compensate Plaintiff and the Class Members for any unscheduled break of 20 minutes or less violates the overtime provisions of the OMFWSA.

123. Although Plaintiff does not have access to her time punch records, Plaintiff has knowledge and belief that during the workweek beginning November 2, 2020 and ending November 20, 2020, Plaintiff took approximately 10 rest breaks of 20 minutes or less for which she was not paid. As result of LLS's failure to pay Plaintiff for these approximately 10 rest breaks during this pay period, LLS violated both the minimum wage and overtime wage requirements of the OMFWSA.

124. LLS is in possession of all of the time punch records which Plaintiff does not have access to at this time. Upon information and belief, these records will evidence all of the breaks for which Plaintiff and the Class Members were paid, and all of the breaks for which Plaintiff and the Class Members were not paid. Upon information and belief, these time punch records should be readily available in discovery.

125. Although at this stage, Plaintiff and the Class Members cannot state the exact amount owed for all time worked during their employment, Plaintiff and the Class Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

126. LLS knew, or acted with reckless disregard, that its refusal or failure to

1  properly compensate Plaintiff and the Class Members for all hours worked would

2  violate Ohio law, and LLS knew Ohio's minimum wage and overtime requirements

3  during Plaintiff's and the Class Members' employment. As such, LLS's conduct

4  constitutes a willful violation of the OMFWSA.

5      127.   As a result of LLS's failure or refusal to pay Plaintiff and the Class

6  Members all minimum wages and overtime due under Ohio law, Plaintiff and the Class

7  Members are entitled to compensation for all such unpaid wages, to be proven at trial,

8  plus treble damages and interest, reasonable attorney's fees, and costs.

9              **COUNT FIVE: FAIR LABOR STANDARDS ACT**

10                      **IMPROPER KICKBACKS**

11     128.   Plaintiff and the Collective Members reallege and incorporate by

12  reference all allegations in all preceding paragraphs.

13     129.   The wage requirements of the FLSA "will not be met where the employee

14  'kicks-back' directly or indirectly to the employer or to another person for the

15  employer's benefit the whole or part of the wage delivered to the employee." *See* 29

16  C.F.R. 785.18. "For example, if it is a requirement of the employer that the employee

17  must provide tools of the trade which will be used in or are specifically required for the

18  performance of the employer's particular work, there would be a violation of the Act in

19  any workweek when the cost of such tools purchased by the employee cuts into the

20  minimum or overtime wages required to be paid him under the Act." *Id.*

21     130.   LLS requires Plaintiff and the Collective Members to supply their own

22  highspeed internet service, internet equipment and replacement computer equipment.

23  However, LLS fails to reimburse Plaintiff and the Collective Members for such required

24  service and equipment. As such, LLS has violated the overtime provisions of the FLSA.

25     131.   LLS locked Plaintiff out of its electronic time and pay recordkeeping

26  system following the conclusion of her employment with LLS. As such, Plaintiff does

27  not have access to her time and pay records. Plaintiff has requested that LLS provide

28

- 27 -

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1    her with her time and pay records, but LLS has failed or refused to do so.

2        132.   Nonetheless, upon information and belief, to the best of Plaintiff's

3    recollection, and strictly for the purposes of providing an example, during the

4    workweek beginning November 2, 2020 and ending November 8, 2020, LLS paid

5    Plaintiff at one-and-one-half times her base hourly wage for approximately ten (10)

6    hours of overtime. During that pay period, Plaintiff worked no less than 75 minutes

7    that was not recorded or compensated by LLS whatsoever. However, by requiring

8    Plaintiff to pay for the highspeed internet service necessary to perform her job duties

9    for LLS, LLS required Plaintiff to "kickback" the overtime premiums that were to be

10   paid to Plaintiff "free and clear" in violation of the FLSA.

11       133.   Although at this stage, Plaintiff and the Collective Members cannot state

12   the exact amount owed for all time worked during their employment, Plaintiff and the

13   Collective Members believe that such information will become available during

14   discovery. Furthermore, when an employer fails to keep complete and accurate time

15   records, employees may establish the hours worked by their testimony, and the burden

16   of overcoming such testimony shifts to the employer.

17       134.   LLS knew, or acted with reckless disregard, that its refusal or failure to

18   properly compensate Plaintiff and the Collective Members during their employment

19   would violate the FLSA, and LLS knew the FLSA's overtime requirements. As such,

20   LLS's conduct constitutes a willful violation of the FLSA.

21       135.   As a result of LLS's failure to reimburse Plaintiff and the Collective

22   Members for their internet service, internet equipment and replacement computer

23   equipment, LLS violated the minimum wage and overtime provisions of the FLSA.

24   Plaintiff and the Collective Members are therefore entitled to minimum wage and

25   overtime compensation, to be proven at trial, plus an equal amount as liquidated

26   damages, together with interest, reasonable attorney's fees, and costs.

27

28
                                    - 28 -
        **COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

## COUNT SIX: OHIO MINIMUM FAIR WAGE STANDARDS ACT

## IMPROPER KICKBACKS

**(Brought by Plaintiff on Behalf of Herself and Members of the Ohio Rule 23**

**Class Against all Defendants)**

136.    Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

137.    "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F.Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)). The wage requirements of the OMFWSA will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.

138.    LLS requires Plaintiff and the Class Members to supply their own highspeed internet service, internet equipment and replacement computer equipment. However, LLS fails to reimburse Plaintiff and the Class Members for such required service and equipment. As such, LLS has violated the overtime provisions of the OMFWSA.

139.    LLS locked Plaintiff out of its electronic time and pay recordkeeping system following the conclusion of her employment with LLS. As such, Plaintiff does not have access to her time and pay records. Plaintiff has requested that LLS provide her with her time and pay records, but LLS has failed or refused to do so.

140.    Nonetheless, upon information and belief, to the best of Plaintiff's recollection, and strictly for the purposes of providing an example, during the workweek beginning November 2, 2020 and ending November 8, 2020, LLS paid Plaintiff at one-and-one-half times her base hourly wage for approximately 10 hours of

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

overtime. During that pay period, Plaintiff worked no less than 75 minutes that was not recorded or compensated by LLS whatsoever. However, by requiring Plaintiff to pay for the highspeed internet service necessary to perform her job duties for LLS, LLS required Plaintiff to "kickback" the overtime premiums that were to be paid to Plaintiff "free and clear" in violation of the OMFWSA.

141.   Although at this stage, Plaintiff and the Class Members cannot state the exact amount owed for all time worked during their employment, Plaintiff and the Class Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

142.   LLS knew, or acted with reckless disregard, that its refusal or failure to reimburse Plaintiff and Class Members for their highspeed internet service, internet equipment and replacement computer equipment would violate Ohio law, and LLS knew Ohio's overtime requirements during Plaintiff's and the Class Members' employment. As such, LLS's conduct constitutes a willful violation of the OMFWSA.

143.   As a result of LLS's refusal or failure reimburse Plaintiff and Class Members for their highspeed internet service, internet equipment and replacement computer equipment, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

**COUNT SEVEN: VIOLATION OF CALIFORNIA'S MINIMUM WAGE REQUIREMENTS**

**(Cal. Lab. Code §§ 200, 218 and 1194)**

**(Brought by Plaintiff on Behalf of Herself and Members of the California Rule 23 Class Against all Defendants)**

144.   Plaintiff realleges and incorporates by this reference each of the preceding

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1  and foregoing paragraphs as if fully set forth herein.

2      145.   In addition to the FLSA, Plaintiff seeks to represent the proposed

3  California Rule 23 Class as a basis to enforce equal or greater protections for wages

4  owed that are offered by various California labor laws and local regulations as set forth

5  herein. Because the practices alleged herein are uniform, systematic and continuous

6  and affect each member of the California Rule 23 Class in a legally identical way,

7  Plaintiff, at the appropriate time, will move to certify the California Class to the extent

8  permitted by Rule 23.

9      146.   Under Labor Code § 1194, employees must be separately paid an hourly

10 wage for each and every hour worked. *Balasanyan v. Nordstrom, Inc.,* 913 F.Supp.2d

11 1001, 1007 (S.D. Cal. Dec. 20, 2012). A California employer cannot average an

12 employee's compensation over the total number of hours worked to determine

13 compliance with minimum wage obligations. *Armenta v. Osmose, Inc.,* 135 Cal.App.4th

14 314, 323-324 (2005) (employees must be compensated the minimum wage for "non-

15 productive time"); *Cardenas v. McLane FoodServices, Inc.,* 796 F.Supp.2d 1246, 1252-

16 1253 (C.D. Cal. Jul. 8, 2011) (employees must be paid a separate hourly rate for pre-

17 and-post shift duties not covered by the piece-rate formula); *Balasanyan, supra,* 913

18 F.Supp.2d at p. 1007; *Gonzalez v. Downtown LA Motors, LP,* 215 Cal.App.4th 36, 48-

19 49 (2013) (employees paid on a piece-rate basis must be paid a separate hourly rate for

20 "non-repair tasks"). "The *Armenta* line of cases is quite clear: employees must be

21 directly compensated at least minimum wage for all time spent on activities that do

22 not allow them to *directly* earn wages." *Balasanyan, supra,* 913 F.Supp.2d at 1007

23 (emphasis added). And more recently, the California Supreme Court held that

24 commissions earned in one pay period cannot be reassigned to other pay periods to

25 meet California's strict wage and hour requirements. *Peabody v. Time Warner Cable,*

26 *Inc.*, 174 Cal.Rptr.3d 287 (2014), 328 P.3d 1028 (2014).

27     147.   Plaintiff and the proposed Rule 23 California Class were at all times

28

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

subject to California's laws and regulations protecting the employees' entitlement to be paid and presumption to be paid an hourly wage for each and every hour worked.

148.   As set forth above, California law requires employers, such as Defendants, to pay a separately hourly wage to all nonexempt employees for each and every hour worked. Labor Code § 1194 provides that employees are entitled to wages and compensation for work performed, at the legal rate, including straight time, overtime, and double time.

149.   Labor Codes §§ 218, 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal wage may recover the unpaid balance and together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

150.   At all relevant times herein, Defendants were required to compensate Plaintiff and the members of the California Rule 23 Class for all hours worked pursuant to Labor Code § 1194.

151.   By uniformly and consistently failing to pay members of the California Rule 23 Class for pre- and post-shift work, rest periods, and time during which employees were not provided duty-free, uninterrupted meal periods, Defendants violated the minimum wage requirements as set forth in Labor Code §§ 218 and 1194.

152.   Plaintiff is informed and believes and based thereupon allege that the result of the unlawful and illegal policy and practice caused damage in the nonpayment of minimum wages to Plaintiff and the proposed California Rule 23 Class, in an amount according to proof at trial.

153.   Plaintiff is informed and believes that the nonpayment of wages is fixed and ascertainable on a classwide basis such that prejudgment interest on those wages is recoverable.

154.   Plaintiff is informed and believes that the nonpayment of minimum wages for all hours worked also entitles Plaintiff and the proposed California Rule 23 Class

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

to attorneys' fees and costs, and liquidated damages in an amount equal to the amount unlawfully unpaid according to Labor Code § 1194.2

**COUNT EIGHT: VIOLATION OF CALIFORNIA'S OVERTIME LAWS**

**(Cal. Lab. Code §§ 510 and 1194)**

**(Brought by Plaintiff on Behalf of Herself and Members of the California Rule Class Against all Defendants)**

155.    Plaintiff realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

156.    In addition to the FLSA, Plaintiff seeks to represent the proposed California Rule 23 Class as a basis to enforce equal or greater protections for wages owed that are offered by California labor laws and local regulations as set forth herein. Because the practices alleged herein are uniform, systematic and continuous and affect each proposed member of the California Rule 23 Class in a legally identical way, Plaintiff, at the appropriate time will move to certify the California Class to the extent permitted by Rule 23.

157.    Plaintiff and the proposed California Rule 23 Class were at all times subject to state laws and regulations protecting the employees' entitlement to be paid and presumption to be paid overtime wages for requisite hours worked beyond a normal work day or a normal work week, as specified, without limitation, by Cal. Labor Code §§ 510, 1194 and applicable Wage Order.

158.    During the California Class Period, Plaintiff and members of the California Rule 23 Class were primarily engaged in non-exempt duties. Plaintiff and members of the California Rule 23 Class were neither managers, administrative, nor professional employees. No known exemptions to overtime apply to Plaintiff or members of the California Rule 23 Class. Accordingly, Plaintiff and members of the California Rule 23 Class were entitled to overtime during the California Class Period.

159.    California law requires employers, such as Defendants, to pay overtime

- 33 -
**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

compensation to all nonexempt employees for all hours worked over 40 hours per week, or over 8 hours per day. Labor Code § 204 establishes the fundamental right of all employees in California to be paid wages, including straight time and overtime, in a timely fashion for their work. This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

160.   Labor Code § 510(a) states: "Any work in excess of [8] hours in one workday and any work in excess of 40 hours in any one workweek and the first [8] hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

161.   Throughout the California Class Period, as alleged above, Plaintiff and members of the California Class worked in excess of 8 hours in a workday and/or 40 hours in a workweek. During the California Class Period, Defendants did not pay Plaintiff and members of the California Class overtime pay for all overtime hours worked.

162.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and members of the California Rule 23 Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### COUNT NINE: VIOLATION OF CALIFORNIA'S MEAL-AND-REST PERIOD REQUIREMENTS

**(Cal. Lab. Code §§ 226.7, 512 and Applicable Wage Order)**

**(Brought by Plaintiff on Behalf of Herself and Members of the California**

COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____

1    **Rule 23 Class)**

2    163.    Plaintiff realleges and incorporates by this reference each of the preceding

3    and foregoing paragraphs as if fully set forth herein.

4    164.    Labor Code § 226.7(b) provides, in pertinent part, that "[a]n employer

5    shall not require an employee to work during a meal or rest or recovery period

6    mandated pursuant to an applicable statute, or applicable regulation, standard, or

7    order of the Industrial Welfare Commission ..."

8    165.    Labor Code § 512(a) provides that "[a]n employer may not employ an

9    employee for a work period of more than five hours per day without providing the

10   employee with a meal period of not less than 30 minutes, except that if the total work

11   period per day of the employee is no more than six hours, the meal period may be

12   waived by mutual consent of both the employer and employee."

13   166.    Labor Code § 512(a) further provides that "[a]n employer may not employ

14   an employee for a work period of more than 10 hours per day without providing the

15   employee with a second meal period of not less than 30 minutes, except that if the total

16   hours worked is no more than 12 hours, the second meal period may be waived by

17   mutual consent of the employer and the employee only if the first meal period was not

18   waived."

19   167.    Section 11(A) of the applicable Wage Order provides that "[u]nless the

20   employee is relieved of all duty during a 30 minute meal period, the meal period shall

21   be considered an 'on duty' meal period and counted as time worked." An "on duty" meal

22   period shall be permitted only when the nature of the work prevents an employee from

23   being relieved of all duty and when by written agreement between the parties an on-

24   the-job paid meal period is agreed to. "The written agreement shall state that the

25   employee may, in writing, revoke the agreement at any time."

26   168.    Section 11(B) of the Wage Order provides that "[i]f an employer fails to

27   provide an employee a meal period in accordance with the applicable provisions of this

28

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

169.   Plaintiff and the members of the California Rule 23 Class consistently worked over five hours, and ten hours, per shift and therefore were entitled to a first and second meal period of not less than 30 minutes prior to exceeding fifth and tenth hour of work.

170.   Plaintiff and members of the California Rule 23 Class did not waive their meal periods by mutual consent with Defendants or otherwise.

171.   Plaintiff and members of the California Rule 23 Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

172.   Similarly, Plaintiff and members of the proposed California Rule 23 Class were entitled to be authorized and permitted paid, duty-free, uninterrupted 10 minute rest periods for every 4 hours worked (or every major fraction thereof) or be paid for one hour of "premium wage" at the employee's regular rate of pay for each day that a rest period was not authorized, permitted or otherwise compliant with applicable law.

173.   As alleged above, Defendants failed to comply with the required meal periods and rest periods established by Labor Code §§ 226.7, 512, 516 and Section 11 and 12 of the applicable Wage Order. Defendants did not provide compliant meal periods and, as a result, Plaintiff and members of the California Rule 23 Class missed their meal periods, took short meal periods, and/or took late meal periods. In addition, the meal periods that Plaintiff and members of the California Rule 23 Class did take were not duty free and free from employer control. Defendants further did not authorize or permit compliant rest periods for every four hours worked, or major fraction thereof, nor did it pay a "premium wage" for missed, short, late or interrupted rest periods.

174.   Pursuant to Section 11(B) and Section 12 of the applicable Wage Order and Labor Code §226.7(c)—which states "[i]f an employer fails to provide an employee

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

a meal or rest … period in accordance with a state law …, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest … period is not provided"—Plaintiff and the members of the California Rule 23 Class are entitled to damages in an amount equal to one additional hour of pay at each employee's regular rate of compensation for each work day that the meal or rest period was not provided, in a sum to be proven at trial.

175.    Pursuant to Labor Code § 218.6 and Civil Code § 3287, Plaintiff and the members of the California Rule 23 Class seek recovery of prejudgment interest on all amounts recovered herein.

176.    Plaintiff limits the recovery of "premium wages" to one hour of pay per day for any missed, short, late, or uninterrupted meal period and to one hour of pay per day for any missed, short, late, or uninterrupted rest period, as demonstrated by the Division of Labor Standards Enforcement Policy Manual guidelines, for a maximum recovery of two premium wages payment per employee per day.

## COUNT TEN: FAILURE TO ADEQUATELY INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED EXPENDITURES

### (Cal. Lab. Code § 2802)

### (Brought by Plaintiff on Behalf of Herself and Members of the California Rule 23 Class)

177.    Plaintiff hereby incorporates by reference each and every other paragraph in this Complaint as if fully pled herein.

178.    Plaintiff and members of the California Rule 23 Class have been employed by Defendants in the State of California. California law requires that Defendants indemnify their employees for all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at the obedience of the directions of the employer. Moreover, an employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. *See* Cal. Lab. Code § 2802.

COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____

179.   Defendants have violated Labor Code § 2802 by failing to indemnify Plaintiff and members of the California Rule 23 Class necessary expenditures they incurred in the discharge of their duties. Specifically, Defendants employed a policy, practice, and procedure whereby Plaintiff and similarly situated employees were required to supply their own highspeed internet service, internet equipment and replacement computer equipment.

180.   Moreover, Defendants employed policies and procedures which ensured Plaintiff and the members of the California Rule 23 Class would not receive indemnification for their employment-related expenses. This practice resulted in Plaintiff and members of the California Rule 23 Class not receiving such indemnification in compliance with California law.

181.   Because Defendants failed to properly indemnify employees for the necessary expenditures incurred in the discharge of their duties, they are liable to Plaintiff and the members of the California Rule 23 Class for monies to compensate them for the use of the employment-related expenses they incurred under Labor Code § 2802.

182.   As a direct and proximate result of Defendants' violation of Labor Code § 2802, Plaintiff and members of the California Rule 23 Class have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of herself and on behalf of the California Rule 23 Class, seek damages and all other relief allowable including indemnification for all employment-related expenses and ordinary business expenses incurred by Defendants and passed onto Plaintiff and the members of the California Rule 23 Class pursuant to Labor Code § 2802.

183.   Pursuant to Labor Code § 2802, Plaintiff and members of the California Rule 23 Class are entitled to recover full indemnification of unreimbursed business expenses, reasonable attorney's fees and costs of suit.

1

2

**COUNT ELEVEN: FAILURE TO PAY ALL WAGES TIMELY UPON**

**SEPARATION OF EMPLOYMENT**

3

**(Cal. Lab. Code §§ 201-203)**

4

**(Brought by Plaintiff on Behalf of Herself and Members of the California**

5

**Rule 23 Class)**

6     184.   Plaintiff hereby incorporates by reference each and every other paragraph

7    in this Complaint as if fully pled herein.

8     185.   At all times relevant to this Complaint, Plaintiff and members of the

9    California Rule 23 Class were employees of Defendants, covered by California Labor

10    Code §§ 201-203.

11     186.   Pursuant to California Labor Code §§ 201-203, Plaintiff and members of

12    the California Rule 23 Class were entitled upon separation of employment to timely

13    payment of all wages earned and unpaid prior to separation. Discharged employees

14    were entitled to payment of all wages earned and unpaid prior to discharge

15    immediately upon termination. Employees who resigned were entitled to payment of

16    all wages earned and unpaid prior to resignation within 72 hours after giving notice of

17    resignation or, if they gave 72 hours previous notice, they were entitled to payment of

18    all wages earned and unpaid prior to resignation at the time of resignation.

19     187.   Defendants failed to pay Plaintiff and members of the California Rule 23

20    Class all wages earned and unpaid prior to separation of employment, in accordance

21    with either California Labor Code §§ 201-203. Specifically, in direct violation of Labor

22    Code §§ 201-203, despite that Plaintiff's employment relationship with Defendants

23    terminated, Defendants failed to timely pay Plaintiff all her earned wages in her final

24    paycheck. Plaintiff is informed and believes and thereon alleges that at all relevant

25    times within the limitations period applicable to this cause of action, Defendants

26    maintained a policy or practice of not paying hourly employees all earned wages timely

27    upon separation of employment.

28

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

188.    Defendants' failure to pay Plaintiff and members of the California Rule 23 all wages earned prior to separation of employment timely in accordance with California Labor Code §§ 201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with California Labor Code §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of California Labor Code §§ 201 and 202. Defendants' practices include failing to pay at least minimum wage for all time worked, overtime wages for overtime hours worked, failing to pay premium wages for workdays Defendants did not provide, or timely provide, employees all meal periods and rest periods in compliance with California law, and failing to reimburse employment-related expenditures. When Defendants failed to pay its hourly non-exempt workers all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

189.    Pursuant to either California Labor Code §§ 201 or 202, Plaintiff and members of the California Rule 23 Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

190.    Pursuant to California Labor Code § 203, Plaintiff and members of the California Rule 23 are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation until paid, up to a maximum of 30 days.

191.    As a result of Defendants' conduct, Plaintiff and members of the California Rule 23 Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation.

192.    As a result of Defendants' conduct, Plaintiff and members of the California Rule 23 Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under California Labor Code § 203.

193.    Plaintiff and members of the California Rule 23 Class are entitled to

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

recover the full amount of their unpaid wages, continuation wages under § 203, and interest thereon.

<strong><u>COUNT TWELVE: VIOLATIONS OF THE UCL</u></strong>

<strong>(Cal. Bus. & Prof. Code § 17200, <em>et seq.</em>)</strong>

<strong>(Brought by Plaintiff on Behalf of Herself and Members of the California Rule 23 Class)</strong>

194.    Plaintiff hereby incorporates by reference each and every other paragraph in this Complaint as if fully pled herein.

195.    Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, including, to wit, by: (a) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (b) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (c) failing to pay all applicable overtime and double-time wages for all hours worked in violation of §§ 510, 1194, and 1198; (d) failing to pay all minimum wages for all hours worked in violation of §§ 1194 and 1197; (e) failing to reimburse all business expenses in violation of § 2802; and (f) failing to remunerate all employees for all wages due upon separation of employment in violation of §§ 201-203.

196.    Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

197.    Plaintiff seeks individually and on behalf of other members of the California Rule 23 Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

198.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the California Rule 23 Class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all other similarly situated persons, requests this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against LLS:

    A.    For an order conditionally certifying the proposed FLSA Class and certifying the proposed Ohio Rule 23 Class and California Rule 23 Class;

    B.    For an order appointing Plaintiff as the representative of the FLSA Class, Ohio Rule 23 Class and California Rule 23 Class as described herein;

    C.    For the Court to declare and find LLS committed one or more of the following acts:

        i.  violated the minimum wage and overtime provisions of the FLSA;

        ii.  willfully violated the minimum wage and overtime provisions of the FLSA;

        iii. violated the minimum wage and overtime provisions of the OMFWSA;

        iv. willfully violated the minimum wage and overtime provisions of the OMFWSA; and

        v.  violated the minimum wage, overtime, meal-and-rest period, expense reimbursement, and timely wage payment requirements of California law.

    D.    For the Court to award damages and/or restitution in the amounts of all unpaid minimum and overtime wages, premium wages, unreimbursed expenses, and waiting-time penalties due and owing to Plaintiff, the Collective Members, and the Class Members;

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

E.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and Cal. Lab. Code § 1194.2, in amounts to be determined at trial;

F.   For the Court to award prejudgment and post-judgment interest on any damages awarded;

G.   For the Court to award all treble damages, interest, attorney's fees and costs owed to Plaintiff and the Class Members under the OMFWSA and California law including, but not limited to, California Labor Code §§ 218.5, 1194, 2802, and Code of Civil Procedure § 1021.5;

H.   For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action under 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

I.   For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and Class Members and for the risks she took in doing so; and

J.   Such other relief as this Court deems just and proper.

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff, the Collective Members, and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: April 18, 2022

Respectfully submitted,

**KABATECK LLP**

By: /s/  Jerusalem F. Beligan
Brian S. Kabateck (SBN 152054)
bsk@kbklawyers.com
Shant Karnikian (SBN 285048)
sk@kbklawyers.com
Jerusalem F. Beligan (SBN 211258)
jfb@kbklawyers.com
633 W. Fifth Street, Suite 3200
Los Angeles, CA 90071
Telephone: (213) 217-5000

**THE LAW OFFICES OF SIMON & SIMON**

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
james@bswages.com
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890

By: /s/ *Michael L. Fradin*
Michael L. Fradin (*pro hac vice* forthcoming)
mike@fradinlaw.com
8401 Crawford Ave., Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889

*Attorneys for Plaintiff and the Putative Classes*

**COLLECTIVE AND CLASS ACTION COMPLAINT | No. _____**

Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Sharon Oliveira**, individually and on behalf of all others similarly situated, | No. |
| Plaintiff, | **PLAINTIFF SHARON OLIVERIA'S CONSENT TO JOIN COLLECTIVE ACTION AS NAMED PLAINTIFF** |
| v. | |
| **Language Line Services, Inc.** a Delaware Corporation. | |
| Defendant. | |

I, Sharon Oliveira, do hereby consent to be a party plaintiff to the above-entitled action. I have read the complaint to be filed in the United States District Court for the Northern District of California, and authorize my attorneys, the Law Offices of Simon & Simon, Michael Fradin, Attorney at Law, Kabatek LLP and their associated attorneys ("the Attorneys"), to file the Complaint on my behalf and for other employees similarly situated. I authorize the Attorneys to represent me in the Lawsuit and make decisions on my behalf, including how to conduct the Lawsuit, settlement, and all other matters related to the Lawsuit.

DocuSigned by:

*[signature]*

EDD6F8F3FF19448...

Sharon Oliveira

1/25/2022

Date