UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHARON OLIVEIRA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LANGUAGE LINE SERVICES, INC., et al.,<br><br>Defendants. | Case No. 22-cv-02410-PCP (VKD)<br><br>**ORDER RE DECEMBER 5, 2023 DISCOVERY DISPUTE RE PLAINTIFFS' INTERROGATORY NO. 1**<br><br>Re: Dkt. No. 56 |

The parties ask the Court to resolve their dispute concerning whether plaintiffs may obtain contact and employment-related information of putative class members in California using a *Belaire-West* opt-out process. Dkt. No. 56. The Court finds this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

Plaintiffs ask the Court to order defendants to respond to plaintiffs' Interrogatory No. 1, which asks for "the full name, last known addresses, e-mail addresses, dates of employment, job titles, and locations of employment of the California Class Members who worked for You at any time during the California Class Period."[1] Dkt. No. 56 at 1, Ex. A. Plaintiffs propose a "*Belaire-West* opt-out process"[2] pursuant to which a third-party administrator would send written notice to

---

[1] The parties did not provide the Court with information defining "California Class Members" or "California Class Period" for purposes of Interrogatory No. 1. However, the Court has reviewed the operative complaint, and notes that it defines the "California Class" as "[a]ll of Defendants' current and former Interpreters and those with similar job duties, but different titles, who worked for Defendants within California during the California Class Period." Dkt. No. 40 ¶ 81. The operative complaint defines the "California Class Period" as "the four years preceding the filing of the initial complaint to the present." *Id.* ¶ 32.

[2] *Belaire-West Landscape Inc. v. Superior Court*, 149 Cal. App. 4th 554, 557-58 (2007) (describing "opt-out" notice procedure for putative class members).

1    all putative California class members, advising of the proposed disclosure of their contact and
2    employment-related information to plaintiffs' counsel and giving them an opportunity to opt-out
3    of that disclosure. *See id*. at 2-3, Ex. B. Although defendants objected to Interrogatory No. 1 on
4    several grounds, for purposes of this discovery dispute they argue only that "a threshold legal
5    issue," which defendants say they intend to brief at the same time they oppose plaintiffs' motion
6    for conditional certification, "must be decided before any putative class member information is
7    disclosed." *Id.* at 5.

8    Having considered the parties' arguments and the applicable law, the Court concludes that
9    the information plaintiffs seek in Interrogatory No. 1 is relevant and proportional to the needs of
10   the case. *See* Fed. R. Civ. P. 26(b)(1). The opt-out procedure plaintiffs propose appears well-
11   suited to protect the privacy interests of defendants' current and former employees who are within
12   the scope of the "California Class" during the "California Class Period." The Court has
13   considered defendants' objection, but that objection confuses notice for purposes of *discovery* (i.e.,
14   notice to putative class members of the proposed disclosure of their contact and employment-
15   related information to plaintiffs' counsel) with notice for *other purposes* once a class is certified or
16   the Court issues an order on the merits. The parties' discovery dispute does not implicate any
17   legal issues of first impression, as defendants contend. To the contrary, discovery of information
18   identifying putative class members is common in this district. *See, e.g., Barreras v. Michaels*
19   *Stores, Inc.*, No. 12-cv-4474-PJH (LB), 2015 WL 1886337, at *3 (N.D. Cal. Apr. 24, 2015)
20   (collecting cases); *Phan v. Transamerica Premier Life Ins. Co.*, No. 20-cv-03665-BLF (VKD),
21   2022 WL 13800962, at *1-2 (N.D. Cal. Oct. 21, 2022). Defendants do not dispute that the
22   allegations of the operative complaint establish a prima facie showing that the class action
23   requirements of Rule 23 are met as to the California Class, and having reviewed the operative
24   complaint, the Court so finds. Defendants may have viable arguments with respect to the merits
25   of plaintiffs' claims concerning the California Class, but that is no reason to delay discovery of the
26   contact and employment-related information that will permit both parties to identify the putative
27   members of such class and to brief the issue of class certification.

28   Accordingly, the Court orders defendants to promptly cooperate with plaintiffs in a

*Belaire-West* opt-out process, such as plaintiffs have proposed, and to thereafter respond to Interrogatory No. 1. The Court expects that defendants will identify the current and former employees within the scope of Interrogatory No. 1 within 30 days of the date of this order and that the third-party administrator will send out the proposed notices shortly thereafter. If the parties require an order setting specific deadlines for defendants' response to Interrogatory No. 1 and for the interim steps that must be completed before such a response is provided, they shall submit their agreed or respective proposals to the Court for consideration.

**IT IS SO ORDERED.**

Dated: December 22, 2023

Virginia K. DeMarchi
United States Magistrate Judge

3