1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6

7    SHARON OLIVEIRA, et al.,                    Case No. 22-cv-02410-PCP

              Plaintiffs,
8                                                **ORDER GRANTING PRELIMINARY
9         v.                                     APPROVAL OF COLLECTIVE AND
                                                 CLASS ACTION SETTLEMENT**
10   LANGUAGE LINE SERVICES, INC., et al.,
                                                 Re: Dkt. No. 61
              Defendants.
11

12

13                               **BACKGROUND**

14          This is a collective and class action employment lawsuit filed by named plaintiffs Sharon

15   Oliveira and Simone Franco de Andrade Boyce against two California-based companies,

16   defendants On Line Interpreters, Inc. (OLI) and Language Line Services, Inc. (LLS). Plaintiffs

17   were full-time interpreters for defendants, which offer interpreter services to consumers and hire

18   interpreters throughout the United States as nonexempt employees who are paid an hourly wage

19   and entitled to overtime pay. Ms. Oliveira was employed in California from November 21, 2018 to

20   May 31, 2019 and then in Ohio from June 1, 2019 to November 30, 2020. Ms. Boyce was

21   employed in California from March 8, 2020 to December 17, 2021.[1]

22          Plaintiffs allege that defendants failed to pay them minimum and overtime wages earned,

23   failed to provide compliant rest and meal breaks, failed to provide accurate wage statements, failed

24   to reasonably reimburse employees for business expenses, required impermissible "off-the-clock"

25   work, and engaged in unfair business practices. In their operative January 2023 complaint,

26

27   ───────────────────────

28   [1] Named plaintiffs Oliveira and Boyce initially filed separate actions in the Northern District of
     California. The two actions were related in December 2022.

United States District Court
Northern District of California

United States District Court
Northern District of California

plaintiffs asserted violations of the federal Fair Labor Standards Act (FLSA), various California labor laws and that state's Private Attorneys General Act (PAGA), and the Ohio Minimum Fair Wage Standards Act.

After the operative complaint was filed, the parties engaged in substantial discovery and two rounds of mediation before reaching the proposed settlement. Dkt. No. 61, at 12. The parties initially engaged in informal discovery, wherein defendants produced their policies and procedures as well as timekeeping and payroll records. Plaintiffs provided these materials to their retained experts to estimate damages for the Class/Collective members. The parties then agreed to mediation, participating in a full day of mediation on April 10, 2023, but the case did not settle. The parties thereafter engaged in formal discovery from May to December 2023, which included an in-person deposition as well as written discovery including requests for production, form and special interrogatories, and requests for admission. Soon after, the parties agreed to participate in a second mediation on February 17, 2024. Only after the conclusion of this mediation session did the parties reach the proposed settlement, which was initially presented to the parties as a mediator's proposal.

On June 12, 2024, the parties moved for preliminary approval of a FLSA collective and class action settlement, conditional certification of the settlement classes, appointment of class representatives and counsel, approval of class notices, and setting of a final approval hearing. Dkt. No. 61. The filing included a copy of the class and collective action settlement agreement and release. Dkt. No. 61-1. The Court continued the initial hearing date and ordered the parties to provide supplemental briefing addressing several issues. Dkt. No. 63. Plaintiffs submitted their supplemental brief and supporting evidence on July 29, 2024, Dkt. No. 67, and the Court heard argument on the motion for preliminary approval on August 1, 2024.

Under the terms of the settlement, defendants will contribute a total gross amount of $3,725,000. The parties propose allocating $25,000 of that amount to service awards to the named plaintiffs and certain individuals who have already opted into the FLSA collective action (the "Opt-in Plaintiffs"); $800,500 to the FLSA collective; $1,332,833.33 to the California class; $56,250 to the aggrieved employees (the "Net PAGA Amount"); $168,750 in payment to the

1   Labor & Workforce Development Agency (LWDA); $1,241,666.67 to attorney's fees and $50,000

2   to attorney's expenses; and $50,000 to settlement administration costs.[2]

3          Plaintiffs request certification of three classes: (1) an FLSA collective which includes all

4   current and former OLI or LLS employee interpreters in the United States from April 18, 2020 to

5   April 1, 2024 ("FLSA Collective Period"), and those who opt in after notice is issued; (2) a

6   California class which includes all current and former OLI or LLS employee interpreters in

7   California from April 18, 2019 to April 1, 2024 ("California Class Period"), and those who do not

8   opt out after notice is issued; and (3) an aggrieved employees subclass which includes all current

9   and former OLI or LLS employee interpreters in California who were nonexempt or hourly-paid

10  employees from November 16, 2021 through April 1, 2024 ("PAGA Period").

11         The proposed settlement includes a release of claims by Class/Collective members.

12  Individuals who opt in to the FLSA collective are required to release all FLSA claims that were or

13  could have been pleaded based on the factual allegations in the first amended complaint or any

14  prior complaint. Individuals who do not opt out of the California class are required to release all

15  federal and state law claims that were or could have been pleaded based on the factual allegations

16  in the first amended complaint or any prior complaint. The aggrieved employees are required to

17  release all claims under PAGA for all California Labor Code violations that were pleaded in the

18  first amended complaint or any prior complaint.

19         The settlement proposes a process for notifying and paying Class/Collective members.

20  Within 14 days of the preliminary approval of the settlement agreement, defendants will provide

21  the contact information of all prospective Class/Collective members to the settlement

22  administrator, who will then disperse notice packets to the FLSA collective and California class

23  members within 14 days after receipt of that data. FLSA collective members will have the

24  opportunity to opt in within 60 days and will be sent two reminder notices 21 and 35 days after the

25

26  ───────────────────

27  [2] The amount of any service awards or award of attorney's fees and costs will be determined by
    the Court based on the parties' supplemental briefing on those issues. If either amount is reduced,
28  the remainder will be distributed proportionally between the FLSA collective and the California
    class, as the parties agreed to in the August 1, 2024 hearing on the preliminary approval motion.

United States District Court
Northern District of California

1    initial notices are sent out. California class members will have the opportunity to opt out of the

2    California class or object within 45 days and to opt in to the FLSA collective within 60 days. The

3    subset of California class members who were employed during the PAGA Period will also be

4    advised of the PAGA settlement.[3]

5        There are 8,940 employees that will receive notice of their opportunity to opt into the

6    proposed FLSA settlement; 1,686 employees in the proposed California class; and 687 employees

7    in the proposed aggrieved employees subclass. Dkt. No. 67, at 10. The parties predict the opt-in

8    rate for the FLSA collective to be 30% and the opt-out rate for the California class to be 1.5%.

9    These estimates suggest that the average per-member payout will be $298.47 for the FLSA

10   collective, $802.57 for the California class, and $81.88 for the aggrieved employees subclass.

11       The parties' proposed settlement included a proposed preliminary approval order in which

12   the Court would preliminarily enjoin members of the FLSA collective and California class from

13   pursuing claims asserted or encompassed in this lawsuit pending a decision on final approval. At

14   the August 1, 2024 hearing, the parties agreed that this provision could be excluded from the

15   Court's preliminary approval order and that this exclusion would not invalidate the settlement.

16                                **LEGAL STANDARDS**

17       While "[t]he Ninth Circuit has a strong judicial policy that favors settlements in class

18   actions," *Hudson v. Libre Technology, Inc.*, 2019 WL 5963648, at *3 (S.D. Cal. Nov. 13, 2019),

19   district courts must carefully "scrutinize pre-class certification settlements," as there is a risk of

20   collusion between the defendants and class counsel to settle "without devoting substantial

21   resources to the case." *Briseño v. Henderson*, 998 F.3d 1014, 1023 (9th Cir. 2021). "Approval of a

22   settlement is a two-step process. Courts first determine whether a proposed class action settlement

23   deserves preliminary approval [including conditional class certification] and then, after notice is

24   given to class members, whether final approval is warranted." *In re Volkswagen "Clean Diesel"*

25   *Mktg., Sales Pracs., & Prod. Liab. Litig.*, 229 F. Supp. 3d 1052, 1062 (N.D. Cal. 2017) (quoting *In*

26

27   _____

28   [3] The PAGA gross settlement amount is $225,000, of which $56,250 will be allocated to the
     aggrieved employees subclass and $168,750 will be paid to California's LWDA.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *re High-Tech Employee Antitrust Litig.*, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014)).

2    Settlements in hybrid actions, such as those involving both a class action under Federal Rule of

3    Civil Procedure 23 and a FLSA collective action under 29 U.S.C. § 216(b), are also subject to

4    judicial approval. *See Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014).

5         Rule 23 requires district courts to ensure that any class settlement is "fair, reasonable, and

6    adequate." Fed. R. Civ. P. 23(e). In making this determination, a court must consider whether:

7    "(A) the class representatives and class counsel have adequately represented the class; (B) the

8    proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking

9    into account: (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any

10   proposed method of distributing relief to the class, including the method of processing class-

11   member claims, (iii) the terms of any proposed award of attorney's fees, including timing of

12   payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the

13   proposal treats class members equitably relative to each other." *Id.*

14        To obtain conditional class certification, the proposed class must meet the following

15   requirements: "(1) the class is so numerous that joinder of all members is impracticable; (2) there

16   are questions of law or fact common to the class; (3) the claims or defenses of the representative

17   parties are typical of the claims or defenses of the class; and (4) the representative parties will

18   fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These requirements

19   are often referred to as the numerosity, commonality, typicality, and adequacy requirements.

20        FLSA collective settlements similarly require a court's determination that "the settlement

21   is a fair and reasonable resolution of a *bona fide* dispute." *Nen Thio*, 14 F. Supp. 3d at 1333.

22   Determinations of fairness and reasonability under Rule 23(e)'s guidelines provide guidance when

23   reviewing an FLSA settlement. *See Campanelli v. Image First Healthcare Laundry Specialists,*

24   *Inc.*, 2019 WL 1925494, at *2 (N.D. Cal. Apr. 30, 2019).

25        Under the FLSA, a collective can be conditionally certified if members are "similarly

26   situated," meaning that "they share a similar issue of law or fact material to the disposition of the

27   FLSA claims." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109 (9th Cir. 2018). Conditional

28   certification under FLSA "imposes a lower bar than Rule 23." *Id.* at 1112.

**ANALYSIS**

After consideration of all the papers filed in connection with the preliminary approval motion, including the parties' supplemental briefing, and the arguments made by counsel at the August 1, 2024 hearing, the Court hereby makes a preliminary finding that the settlement is fair, reasonable, and adequate as required by Federal Rule of Civil Procedure 23(e) and the FLSA. Good cause appearing, the Court grants the Preliminary Approval Motion and orders as follows:

**1**. The terms of the settlement reached by Named Plaintiffs and Defendants set forth in the Settlement Agreement filed by the Parties on June 12, 2024 (Dkt. No. 61-1) with the Preliminary Approval Motion, are hereby preliminarily approved as being fair, reasonable and adequate to the Class/Collective Members (defined in paragraph 2, below), subject to further consideration at the Final Approval Hearing after the distribution of the applicable notices to the Class/Collective Members as provided in paragraph 6 below.

**2.** The Court hereby grants conditional certification of the following for settlement purposes only, finding that the proposed Class/Collective meet the requirements set forth in Rule 23 and 29 U.S.C. § 216(b):

> **a. The FLSA Collective**: Named Plaintiffs, Opt-In Plaintiffs,[4] and all current and former employees employed by LLS or OLI as Interpreters, or similarly titled employees, in the United Staes (excluding Puerto Rico) during the FLSA Collective Period; and
>
> **b. The California Class**: Plaintiffs and all current and former employees employed by LLS or OLI as Interpreters, or similarly titled employees, with a home address in the State of California according to Defendants' records and who worked as nonexempt hourly-paid employees at any time during the California Class Period.

**3.** The PAGA Gross Settlement Amount is preliminarily approved;

**4.** Brian S. Kabateck, Shant A. Karnikian, Jerusalem F. Beligan, and Sheri R. Lalehzarian

---

[4] The Opt-In Plaintiffs are Hawa Ansary, Rabia Harooni, Miralem Isakovic, Mirna Gudic Landon, Cibelli Pacheco, and Miriam Saraiva. Dkt. No. 61-1, at 7. They opted in to the FLSA action when the two initial disputes by named plaintiffs Oliveira and Boyce were related.

United States District Court
Northern District of California

of Kabateck LLP; James L. Simon of Simon Law Co.; and Michael L. Fradin of Fradin Law are appointed as Class Counsel for the Class/Collective Members;

**5.** Named Plaintiffs Oliveira and Boyce are appointed as Class Representatives for the FLSA Collective and California Class;

**6.** The Notices of Settlement and FLSA Opt-In Consent Form (attached as Exhibits A–C to the Settlement Agreement, Dkt. No. 61-1), which will be sent to the Class/Collective Members for purposes of, among other things, notifying them of the pendency of the Action and proposed Settlement, the schedule and procedure for the opportunity to opt-in or opt-out, and submitting objections to the proposed Settlement, as applicable, are approved and shall be disseminated to the Class/Collective Members as set forth in the Settlement Agreement;

**7.** The following briefing schedule will govern subsequent proceedings in this Court:

- September 14, 2024 – Plaintiffs' Motion for Attorney's Fees
- October 23, 2024 – Opposition to Plaintiffs' Motion for Attorney's Fees
- October 29, 2024 – Reply to Opposition of Plaintiffs' Motion for Attorney's Fees
- November 28, 2024 – Joint Motion for Final Approval
- December 13, 2024 – Opposition to Motion for Final Approval
- December 19, 2024 – Reply to Opposition of Motion for Final Approval
- January 9, 2025 at 10:00 a.m. PT – Hearing on Joint Motion for Final Approval and Plaintiffs' Motion for Attorneys' Fees and Costs

**8.** A hearing to consider and determine (i) whether the Settlement should be finally approved; (ii) whether Class Counsel's application for Attorney's Fees and Costs should be approved; (iii) whether the application for Service Awards should be approved; and (iv) whether the Administration Costs (currently proposed as $50,000) should be approved is hereby set for January 9, 2025 at 10:00 a.m. PT. All other deadlines in the Action are hereby stayed pending the Final Approval Hearing.

United States District Court
Northern District of California

7

1

**IT IS SO ORDERED.**

2    Dated: August 2, 2024

3

4    _____

5    P. Casey Pitts
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California